MEMORANDUM *
In this consolidated case, Royal Yates (“Yates”) and GunnAllen Financial (“Gun-nAllen”) each appeal following a jury verdict of $586,000 in punitive damages to Yates after his brokerage account was excessively traded to generate commissions. Yates appeals the denial of his motion for attorney’s fees, and GunnAllen appeals the punitive damages award. We affirm. Because the parties are familiar with the facts and procedural history, we will not recount it here.
I
The district court correctly concluded that Yates is not entitled to attorney’s fees pursuant to California Civil Code section 1717(a). That section provides, in part:
In any action on a contract, where the contract specifically provides that attorney’s fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to other costs.
Where a contract provides for attorney’s fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.
Yates did not sue on a contract containing an attorney’s fees clause. The attorney’s fees provisions in the express contracts between the parties cannot be extended to cover the implied contract at issue here. “Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.” Cal. Civ.Code § 1642 (2008). But, “it is generally recognized [that t]he term ‘contract’ as used in [section 1642] is de *562 scriptive only of a writing and, in reality, refers to an ‘instrument.’ ” Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal.App.3d 103, 284 Cal.Rptr. 367, 373 (1991) (quoting Harm v. Frasher, 181 Cal.App.2d 405, 5 Cal.Rptr. 367, 372 (I960)). The district court thus correctly determined that Yates’s unwritten, implied contract falls outside section 1717’s scope.
The district court also correctly rejected Yates’s argument that his “churning” claim was “on a contract” for purposes of section 1717. Section 1717 does not apply to claims arising out of or merely related to the existence of a contract. See Stout v. Turney, 22 Cal.3d 718, 150 Cal.Rptr. 637, 586 P.2d 1228, 1235 (1978) (fraud arising out of a contract is not an action “on a contract”) (internal quotation marks omitted).
II
GunnAllen has waived its argument that none of the causes of action Yates put to the jury can, as a matter of law, sustain punitive damages. We strictly observe the requirement that a motion for judgment as a matter of law (“JMOL”) under Federal Rule of Civil Procedure (“Rule”) 50(a) be made at the close of all the evidence. Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1028-29 (9th Cir.2003). This rule applies when a party first raises an issue in a Rule 50(b) motion after trial. Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir.2003). GunnAUen thus waived its claim that Yates’s theories cannot sustain punitive damages by failing to move for JMOL under Rule 50(a) at the first trial.
III
The district court correctly concluded that there was sufficient evidence to sustain the jury’s punitive damages award. We review the sufficiency of the evidence to support punitive damages under the “substantial evidence” standard. Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1291 (9th Cir.2001). In reviewing the record for sufficiency of the evidence to support a verdict, we may reverse only if “the evidence and its inferences, considered as a whole and viewed in the light most favorable to the nonmoving party, can support only one reasonable conclusion-that the moving party is entitled to judgment notwithstanding the adverse verdict.” Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775 (9th Cir.1990).
Under California Civil Code section 3294(b):
An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.
The district court correctly held that there was substantial evidence that a Gun-nAllen supervisor ratified the broker’s malicious conduct. The jury was presented with expert testimony that the commissions charged Yates were outrageous even in light of Yates’s stated desire to be an “aggressive” investor. Unlike the hospital administrator in College Hosp., Inc. v. Superior Court, 8 Cal.4th 704, 34 Cal.Rptr.2d 898, 882 P.2d 894 (1994), GunnAllen’s com *563 pliance officer knew of the underlying facts establishing the outrageous conduct. His subjective belief that the conduct was proper is irrelevant in light of other testimony that the commissions were objectively outrageous. Given the deferential standard with which courts must view jury findings, the district court properly upheld the punitive damage award.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.